UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MEEKINS,                          :
                                          :
            Plaintiff                     :
                                          :
     v.                                   :  CIVIL NO. 3:CV-06-1321
                                          :
THERESA LAW, et al.,                      :  (Judge Kosik)
                                          :
            Defendants                    :

# **M E M O R A N D U M**

_____Plaintiff William Meekins, an inmate currently confined at the State

Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania, filed this civil

rights action on July 5, 2006, pursuant to 42 U.S.C. § 1983.  The eight (8) defendants

named are employees of either SCI-Camp Hill or the State Correctional Institution at

Waymart, Pennsylvania.  Also named are Doe defendants.  In the complaint and

accompanying Memorandum of Law, Plaintiff alleges that defendants violated his

Eighth Amendment right to adequate medical/dental care.  On August 3, 2006,

service of the complaint was directed on the defendants named therein along with a

motion Plaintiff had filed for a temporary restraining order. (Doc. 14.)  Since the

issuance of the service order, numerous motions have been filed in this case which

will be addressed herein.

## Background

Plaintiff alleges that despite defendants' knowledge of his serious dental and medical problems, they refuse to properly treat him.  He specifically contends that he has "carious lesions" and periodontal disease which has resulted in an infection, and infected teeth and gums to the extent he has "pits excavated to the apex of the gums through such decay."  (Doc. 1 at 2.)  He appears to claim that his dental records document the opinions of outside dental experts as to his condition, but yet defendants fail to provide him with any treatment or, at best, minimal treatment.  While difficult to follow, it seems that he sets forth his claims against both SCI-Waymart staff as well as SCI-Camp Hill staff, SCI-Waymart apparently being his former place of incarceration.[1]  Plaintiff seeks monetary and injunctive relief.

Pending are multiple motions for injunctive relief filed by Plaintiff (Docs. 5, 23, 28, 31) and motions to rule on said motions (Docs. 33, 39).  Also pending is Plaintiff's motion for appointment of counsel (Doc. 17) and a document entitled "Amended Complaint" submitted by Plaintiff on September 5, 2006.  (Doc. 19.)  Plaintiff has also filed motions for default judgment in this case[2] (Docs. 29, 35, 44,

---

[1]  The complaint is somewhat confusing to follow but it is clear Plaintiff sets forth Eighth Amendment medical/dental claims against staff at both institutions.

[2]  While two of these motions are titled as "Motion of Jurisdiction and Affirmation" and "Motion for Court Intervention," upon review of the documents they both challenge defendants' alleged failure to respond to the original complaint and request the entry of default judgment.

50) along with the following miscellaneous motions: motion for extension of time to oppose motion to dismiss (Doc. 51); motion for production of documents (Doc. 59); motion for hearing (Doc. 62); motion for summary judgment (Doc. 64); and motion for sanctions (Doc. 67).  Also pending are the following motions filed by the defendants: motion to dismiss the complaint filed by Defendant Newfield (Doc. 49); Corrections Defendants' motion to dismiss the complaint (Doc. 60) and Corrections Defendants' motion to stay their motion to dismiss (Doc. 68).  The court will address the status of each of these motions.

## Discussion

### A.    Motion for Appointment of Counsel

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C.  § 1915.  Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious

case." <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." <u>Montgomery</u>, 294 F.3d at 499.  Plaintiff alleges a violation of his Eighth Amendment right to medical/dental care.  He has an amended complaint pending before the court at this time which has not yet been acted upon.  He continues to file numerous motions and briefs as well as oppose the filings submitted by defendants.  The record gives every indication that Plaintiff has the capability to litigate this action at this point without the assistance of counsel.  The only arguments set forth by Plaintiff in his motion requesting the assistance of counsel is that he is unable to afford counsel, his imprisonment limits his ability to litigate the action, he has limited access to the law library, the issues are complex and the trial will necessitate counsel on his behalf.

A weighing of the following factors, in addition to those set forth above, militate against appointment of counsel at this time.  Those factors are:

1.  The plaintiff's ability to present his or her own case;

2.  The difficulty of the particular legal issues;

3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

4.  The plaintiff's capacity to retain counsel on his or her own behalf;

4

> 5.  The extent to which a case is likely to turn on credibility determinations; and,
>
> 6.  Whether the case will require testimony from expert witnesses.

<u>Montgomery</u>, 294 F.3d at 499, citing <u>Tabron</u>, 6 F.3d at 155-57.

The issues involved in this action are straightforward, involving the application of established  legal principles to the factual situation at hand.  Plaintiff has thus far demonstrated the ability to successfully litigate this case on his own, including his ability to prepare and file motions in this case which are understandable, as well as oppose motions filed by defendants.  Plaintiff clearly has access to the prison law library and any concern about trial at this point is premature.  As such, the pending motion for appointment of counsel will be denied at this time, but without prejudice.  Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either <u>sua</u> <u>sponte</u> or upon a motion properly filed.

## B.    Proposed amended complaint

Following the service of the original complaint in this matter, Plaintiff submitted a document on September 5, 2006, entitled "Amended Complaint" (Doc. 19).  In this document, plaintiff requests leave to submit this document as his amended complaint "as of right" pursuant to Federal Rule of Civil Procedure 15(a). In the amended complaint, Plaintiff names the same eight (8) defendants as in the original complaint and drops the Doe defendants.  He sets forth his allegations of

inadequate medical/dental care in violation of the Eighth Amendment.

Plaintiff is correct that this document can be submitted as of right under Fed. R. Civ. P. 15(a).  At the time he filed the amended complaint, defendants had not responded to his original complaint.  As such, Document 19 will now stand as the complaint in this action.  Defendants' pending motions to dismiss the original complaint (Docs. 49, 60) and related motion to stay their motion to dismiss (Doc. 68) will be denied as moot.  Plaintiff's motion for enlargement of time within which to oppose defendants' motion to dismiss (Doc. 51) will also be denied as moot.  Further, Plaintiff's motion for summary judgment filed after submission of the proposed amended complaint (Doc. 64) will be denied as premature at this time in that defendants have not yet responded to the allegations set forth in the amended complaint.  Defendants will be afforded twenty (20) days within which to do so. Plaintiff's motions for default judgment will be denied (Docs. 29, 35, 50.)

> **C.   Miscellaneous remaining motions**

Pending is a motion filed by Plaintiff following submission of his amended complaint wherein he seeks the production of documents from defendants.  As defendants have not yet responded to the amended complaint, responses to discovery requests are not yet due, and the motion will be denied.   Further, Plaintiff is advised that discovery requests are not routinely filed with the court.  See M.D. Pa. Local Rule 5.4(b).

Plaintiff also filed a motion for sanctions against defendants/defendants' counsel in this case pursuant to Federal Rule of Civil Procedure 11.  As the basis for his request for relief, Plaintiff contends that statements made in defendants' motion to dismiss and exhibits thereto are knowingly frivolous and untrue.  He basically disputes the arguments set forth by defendants in their motion.  In light of the fact that the referenced motions to dismiss have been denied as moot in this case based upon the filing of an amended complaint, there is no need to address the merits of this motion.  It will be denied as moot.

Remaining are Plaintiff's motions for a temporary restraining order ("tro"), as well as the related motions to rule on his motions for injunctive relief and for a tro hearing.  Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances.  See American Tel. And Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995).  Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax, Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993).  "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . .  Further where a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, the court must consider the principles of federalism

in determining the availability and scope of equitable relief." <u>Riley v. Snyder</u>, 72 F.

Supp.2d 456, 459 (D.Del. 1999).

In determining whether to grant a motion seeking preliminary injunctive relief,

the court must evaluate four factors: (1) the likelihood of success on the merits; (2)

irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving

party if relief is granted; and (4) the public interest. <u>United States v. Bell</u>, Civ. No.

1:CV-01-2159, 2003 WL 102610, *2(M.D. Pa. January 10, 2003)(J. Conner)(internal

citations omitted). "[A] failure to show a likelihood of success or a failure to

demonstrate irreparable injury must necessarily result in the denial of a preliminary

injunction." <u>In Re Arthur Treacher's Franchise Litigation</u>, 689 F.2d 1137, 1143 (3d

Cir. 1982). It is the moving party that bears the burden of satisfying these factors.

<u>Bell</u>, 2003 WL 102610 at *2.

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the

alleged wrongful conduct was committed by a person acting under color of state law,

and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by

the Constitution or laws of the United States. <u>Nicini v. Morra</u>, 212 F.3d 798, 806 (3d

Cir. 2000); <u>Schiazza v. Zoning Hearing Bd.</u>, 168 F.Supp. 2d 361, 372 (M.D. Pa.

2001). In his motions for injunctive relief, Plaintiff primarily seeks the court to order

defendants to provide him the dental care he desires - - the underlying basis of his

amended complaint. He also appears to complain about mail interference and

interference with his legal materials, neither of which claims are a part of the amended complaint.  The new allegations could be pursued in a new lawsuit, but are not part of the instant litigation.  Further, even if the claims were a part of this action, Plaintiff still cannot show a likelihood of success on the merits.  A review of the docket in this action makes abundantly clear that Plaintiff is having no trouble accessing the court.

With regard to his request for injunctive relief pertaining to the underlying medical claims, this action now proceeds on an amended complaint.  While a response has not yet been submitted, Plaintiff's own submissions indicate that he is receiving treatment for his dental condition, albeit not the type or degree of treatment he feels is necessary.  This does not appear to be a case where the inmate's needs are being completely ignored.  Any claim of negligence on the part of defendants or Plaintiff's disagreement with the medical care provided is clearly not actionable under § 1983.  For all of these reasons, Plaintiff has not demonstrated the likelihood of success on the merits.  Further, Plaintiff has not demonstrated that if preliminary injunctive relief is not granted he will suffer irreparable harm before a decision on the merits can be rendered.  See Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980).  Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial."  Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801.  Speculative injury does not constitute a

showing of irreparable harm.  <u>Continental</u>, 614 F.2d at 359; <u>see</u> <u>also</u> <u>Public Serv. Co.</u> <u>v. West Newbury</u>, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  <u>Instant Air</u> <u>Freight</u>, 882 F.2d at 801 (quoting <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1964)).

As noted above, Plaintiff is not without adequate remedy.  He is currently seeking damages for the alleged violation of his rights.  As such, he cannot establish irreparable harm as compensatory or other corrective relief is available to him.  For all of these reasons, Plaintiff's requests for injunctive relief will be denied.  As such, his motions for the court to rule on his motions for a temporary restraining order and for a hearing will be denied as moot.  An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM MEEKINS,                          :
                                          :
            Plaintiff                     :
                                          :
      v.                                  :    CIVIL NO. 3:CV-06-1321
                                          :
THERESA LAW, <u>et</u> <u>al.</u>,        :    (Judge Kosik)
                                          :
            Defendants                    :


## <u>O R D E R</u>

**NOW, THIS 21ˢᵗ DAY OF DECEMBER, 2006,** in accordance with the

foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    Plaintiff's motion for counsel (Doc. 17) is **denied without prejudice**.

2.    The proposed amended complaint submitted by Plaintiff on September 5, 2006 (Doc. 19) is accepted by the court as the new standing complaint in this action.  Defendants are directed to file a response to the amended complaint within twenty (20) days.  The Clerk of Court is directed to remove the Doe defendants from the docket.

3.    Defendants' motions to dismiss (Docs. 49, 60) and motion to stay the motion to dismiss (Doc. 68) are **denied as moot**.

4.    Plaintiff's motion for enlargement of time to oppose defendants' motion to dismiss (Doc. 51) is **denied as moot**.

5.    Plaintiff's motion for summary judgment (Doc. 64) is **denied as premature**.

6.    Plaintiff's motions for default judgment (Docs. 29, 35, 44, 50) are **denied**.

7.      Plaintiff's motion for the production of documents (Doc. 59) is **denied** to the extent that discovery requests are not to be filed with the court.

8.      Plaintiff's motion for sanctions (Doc. 67) is **denied as moot**.

9.      Plaintiff's motions for temporary restraining order (Docs. 5, 23, 28, 31) are **denied**.

10.     Plaintiff's motions to rule on his motions for injunctive relief (Docs. 33, 39) and motion for a hearing on said motions (Doc. 62) are **denied as moot**.

s/Edwin M. Kosik
United States District Judge