UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MEEKINS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-06-1321 |
| | : | |
| THERESA LAW, et al., | : | (Judge Kosik) |
| | : | |
| Defendants | : | |

## M E M O R A N D U M

### I.    Introduction

William Meekins, an inmate confined at the State Correction Institution at

Camp Hill (SCI-Camp Hill), Pennsylvania, filed this civil rights action pursuant to 42

U.S.C. § 1983 on July 5, 2006.  The matter proceeds on an amended complaint filed

on September 5, 2006, wherein eight (8) defendants are named.  Plaintiff identifies

the defendants as follows: Theresa Law, Chief of Health Care Services for the

Pennsylvania Department of Corrections ("DOC"); Donald Kelchner, Superintendent

at SCI-Camp Hill; Gerald Kaspar, David White and James Selcher, dentists at SCI-

Camp Hill; Debra Andidora, Chief of Health Care Services at SCI-Waymart; Dino

Angelici, Chief of Bureau Health Care Services at SCI-Camp Hill; and Colleen

Newfield, former physician's assistant at SCI-Camp Hill.  In the amended complaint,

Plaintiff alleges that Defendants violated his Eighth Amendment right to adequate

medical/dental care.  Presently pending are a motion to dismiss the amended

complaint filed by the Corrections Defendants (Doc. 75), as well as a motion to

dismiss filed by Defendant Newfield (Doc. 80).  Also pending is Plaintiff's Motion

for Default Judgment as to Defendant Newfield (Doc. 79).  The motions are ripe for

consideration.

## II.    Background

Plaintiff contends that on numerous occasions Defendants Andidora and

Kaspar were informed through Request to Staff forms, sick line slips and grievance

slips that he was ill "in both the medical and dental ramifying sense." (Doc. 19 at 3.)

He contends that these Defendants were deliberately indifferent and engaged in

medical malpractice when they ignored his condition or failed to provide any

medication for his pain.  He further contends that they fabricated responses to

grievances with regard to treatment.  He claims that his condition required more than

just the "filling of infected teeth" as his condition made him extremely ill and

subjected him to "wanton pain." (Id. at 3.)

Plaintiff further contends that he also notified Defendants Selcher, White, Law,

Kelchner and Angelici numerous times as to his urgent need for dental and medical

care and they all failed to properly respond.  Plaintiff specifically states that although

he advised said Defendants about being ill from his teeth condition which was causing a "mediciney (sic) aspirin residue taste and drainage into [his] stomach and mouth region" triggering a host of other conditions, Defendants left him in pain and without medication for in excess of 15 - 19 months.  (Doc. 1 at 4.)

In March or April of 2006, Plaintiff states he was seen by Defendants Selcher and White in the dental department where it was determined he had periodontal disease and multiple teeth with profound holes, along with extreme gingivitis.  He states that his bottom row of front teeth were rust color, which also spread to his rear top teeth.  Defendants White and Selcher had Plaintiff return to the dental department on May 11, 2006, at which time they "cleaned and scraped" the discoloration off his teeth.

Plaintiff also states that Defendant Newfield was appointed to see him on numerous occasions regarding his condition, and that she was also informed various times by the nurses that Plaintiff was ill from his oral infection.  Plaintiff was again seen by Newfield on June 22, 2006, after he was seen "bringing up blood."  (Id.) Plaintiff claims that Newfield came into his cell, looked at his mouth and gums and told him she was not a dentist, did not know where the blood was coming from and could not help him.  No medication was prescribed.

Plaintiff states he was seen on July 12, 2006 by a "doctor not a physician or dentist" who stated that his mouth was seriously infected and prescribed antibiotics

until Plaintiff could be seen by the prison dental department.  Plaintiff alleges that he

has been experiencing severe pain and pressure in his heart, stomach, testicles and

rear right lung - - all stemming from his dental issues.  According to Plaintiff,

Defendant Law acknowledged his discomfort but contended that it was Plaintiff's

obligation to manage the problem.  On August 18, 2006, Defendant Selcher visited

Plaintiff and informed him that he was unable to define or cure Plaintiff's symptoms,

and he would not approve Plaintiff to be seen by an outside medical practice.

Based on the foregoing, Plaintiff alleges that Defendants failed to provide

adequate medical care to treat/diagnose his illness or attempt to relieve his pain.  He

seeks declaratory, injunctive, compensatory and punitive relief.

## III.   Discussion

### A.   Plaintiff's Motion for Default against Defendant Newfield (Doc. 79)

Plaintiff contends that pursuant to this Court's Order of December 21, 2006,

Newfield was directed to file a response to the amended complaint within twenty (20)

days.  On January 30, 2007, Plaintiff filed a motion for default (Doc. 79) because

Newfield had failed to file a response to the complaint.  On the same date, however,

Newfield filed a motion to dismiss the amended complaint.  A brief in support of the

motion to dismiss, as well as a brief in opposition to Plaintiff's motion for default

were submitted by Newfield the following day.

Pursuant to Federal Rule of Civil Procedure 6(a), Newfield's response to the

4

amended complaint was due on January 16, 2007.  The motion to dismiss was not

filed until two weeks later.  Considering whether the entry of a default judgment is

appropriate, the court is guided by the following principles.  The court "does not

favor entry of defaults or default judgments," United States v. $55,518.05 in U.S.

Currency, 728 F.2d 192, 194 (3d Cir. 1984), as it prefers adjudications on the merits.

See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d C ir. 1984)(noting that "we have

repeatedly stated our preference that cases be disposed of on the merits whenever

practicable"); see also Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d

Cir. 1983); Tozer v. Charles A Krause Mill, Co., 189 F.2d 242, 245 (3d Cir. 1951).

Three factors control whether a default judgment should be granted: (1) prejudice to

the plaintiff if default is denied; (2) whether the defendant appears to have a litigable

defense, and (3) whether defendant's delay is due to culpable conduct. Chamberlain,

210 F.3d at 164.

In the instant case, while Newfield did not timely respond to the Court's Order

of December 21, 2006, the same day the motion for default was filed by Plaintiff,

Defendant Newfield filed a motion to dismiss the amended complaint.  Further, there

was only a short passage of time and Plaintiff has not demonstrated how he would be

prejudiced if his motion for default is denied.  For example, there is no indication that

his ability to pursue his claim has been hindered by the brief delay, by the loss of

evidence or otherwise.  Further, Newfield has filed a motion to dismiss the amended

complaint which is presently pending before the court for consideration.  Finally,

there is no reason to believe that Defendant's tardiness was due to culpable conduct.

There is nothing in the record to suggest bad faith or willful conduct, or anything

more than negligence.  In responding to the motion for default, Newfield states that

her counsel was unable to file the motion to dismiss timely due to illness and other

work obligations.  The court also notes that Plaintiff has filed his opposition to

Newfield's pending motion to dismiss.  Based on the foregoing and the court's

preference to dispose of a case on the merits, if possible, the motion for default will

be denied.

### B.      Corrections Defendants' Motion to Dismiss (Doc. 75)

Defendants Law, White, Selcher, Angelici, Kelchner, Kaspar and Andidora

("Corrections Defendants") move to dismiss the amended complaint pursuant to Fed.

R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of

a claim or claims for "failure to state a claim upon which relief can be granted. . . ."

In evaluating whether a claim is subject to dismissal, the court must accept all

material allegations of the complaint as true and construe all inferences in the light

most favorable to the Plaintiff.  See Mariana v. Fisher, 338 F.3d 189, 195 (3d Cir.

2003).  A complaint should not be dismissed for failure to state a claim unless it

appears "beyond doubt that the Plaintiff can prove no set of facts in support of his

claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 44-46

(1957); <u>see</u> also <u>Lum v. Bank of America</u>, 361 F.3d 217, 223 (3d Cir. 2004).[1]

Defendants first seek the dismissal of Law, Kelchner and Andidora under the principles set forth in <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3d Cir. 1993).  These defendants are not physicians/dentists.  Defendant Law is the DOC Chief of Health Care Services and Angelici is the Chief of the Bureau of Health Care Services, both administrative positions.  Kelchner is the Superintendent at SCI-Camp Hill.  It is well established that where a prisoner is being treated by a physician, a non-physician prison administrator can not be deemed deliberately indifferent simply because the lay administrator did not challenge the physician's care or respond directly to a prisoner's requests for more or different treatment.  <u>See</u> <u>Durmer</u>, 991 F.2d at 69; <u>Thomas v. Zinkel</u>, 155 F.Supp.2d 408, 413 (E.D. Pa. 2001)(Prison authorities who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints or a prisoner who was already

---

[1] In the recent case of <u>Bell Atlantic Corporation v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955 (May 21, 2007), the United States Supreme Court appears to have abrogated the holding in <u>Conley</u> to the extent that dismissal for failure to state a claim does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of his claim that would entitle him to relief, although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegation in the complaint.  In other words, the Court found that ". . . the Conley case described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." <u>Id</u>. at 1969. Thus, while a complaint does not need to set forth detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a mere recitation of the elements of a cause of action to survive a motion to dismiss.  A right to relief must be presented as more than just abstract.  <u>Id</u>. at 1965.

being treated by the prison doctor.  Similarly, health care administrators cannot be found deliberately indifferent when an inmate is receiving care from a doctor).

In reviewing the amended complaint, Plaintiff's allegations with regard to Law, Kelchner and Andidora all appear to be based on Defendants' failure to respond/take action on Plaintiff's requests, grievances and complaints about his failure to receive adequate medical/dental treatment relating to his dental condition.   Defendants cannot, however, be deemed deliberately indifferent as non-medical staff who did not possess the expertise to question the care from the prison medical personnel already treating Plaintiff.  Further, any attempt to hold these defendants liable purely due to their supervisory positions within the Department of Corrections is not proper as respondeat superior is not an acceptable basis for liability under § 1983.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).   As such, the motion to dismiss will be granted with regard to Defendants Law, Kelchner and Andidora.

Defendants further contend that Defendants White, Selcher, Angelici and Kaspar should be dismissed in that Plaintiff has admitted he received medical treatment for his condition. The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  To establish a medical claim based on the Eighth Amendment, an inmate must allege (1) acts or omissions by prison officials

sufficiently harmful (2) to evidence deliberate indifference to a serious medical need.
See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden County
Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  The inmate must satisfy this two-
part, conjunctive test.  Without the requisite mental state, a prison official's conduct
alone will not constitute deliberate indifference.  See Farmer v. Brennan, 511 U.S.
825, 837-38, (1994).

In the context of prison medical care, the Eighth Amendment can be violated
by the deliberate indifference of: (1) prison doctors in their response to the prisoner's
needs; (2) prison guards intentionally denying or delaying access to medical care; or
(3) prison staff intentionally interfering with medical treatment once it is prescribed.
Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

To be deliberately indifferent, a prison official must know of, and disregard, an
excessive risk to inmate health or safety.  Farmer, supra, 511 U.S. at 837-38 (1994).
Thus, a complaint that a physician or a medical department "has been negligent in
diagnosing or treating a medical condition does not state a valid claim of medical
mistreatment under the Eighth Amendment. . . ."  Estelle, 429 U.S. at 106.  It also
follows that an inmate's disagreement with medical treatment is insufficient to
establish deliberate indifference.  Durmer, 991 F.2d at 69.

In the instant case Defendants argue that Plaintiff fails to state an inadequate
medical care claim against them in that he admits in his pleadings that he received

medical treatment for the condition of which he complains.  In support, they cite to not only the amended complaint but also the original complaint filed in this action. The only standing complaint in this action, however, is the amended complaint.

Further, Defendants appear to limit the issue in this case to their alleged failure to provide him with dental care - namely - the extraction of his teeth.  (Doc. 76 at 5.) A reading of the amended complaint, however, sets forth numerous allegations of Defendants' deliberate failure to properly treat not only his alleged dental problems, for which he claims he suffered pain, but also additional conditions caused by the failure to treat his dental problems.  Plaintiff contends that his complaints were ignored and that he was deliberately deprived of medication for his pain for an extended period of time.  Accepting all the material allegations of the amended complaint as true and without passing judgment as to Plaintiff's ultimate success on the merits, the court will allow the claims set forth against Defendants White, Selcher, Angelici and Kaspar to proceed.  Accordingly, the motion to dismiss is denied with respect to said Defendants.

## C.    Defendant Newfield's Motion to Dismiss

Also pending is Defendant Newfield's motion to dismiss the complaint.  In her motion, Newfield, a former physician's assistant at SCI-Camp Hill, claims the complaint is subject to dismissal because Plaintiff (1) fails to allege deliberate indifference sufficient to support an Eighth Amendment claim and (2) has failed to

exhaust his administrative remedies.  (Doc. 80.)  Because Defendant only sets forth

the arguments relating to her first basis for dismissal, this is the only ground set forth

in the motion that will be addressed by the court.

In the amended complaint, Plaintiff claims that Newfield was appointed to see

him on numerous occasions.  He specifically contends that on June 22, 2006,

Newfield was sent to see him because Plaintiff was producing blood from his mouth.

Newfield allegedly came to Plaintiff's cell, looked in his mouth and told Plaintiff that

she was not a dentist and did not know the source of the blood.  As such, Newfield

stated that she was unable to help him.  Plaintiff contends that Newfield violated his

Eighth Amendment rights on this occasion in that she did nothing to provide a

remedy for his anguish.

In her motion to dismiss, Newfield contends that Plaintiff has failed to allege

that Newfield knew her conduct presented a substantial risk of harm to Plaintiff.

Newfield knew that Plaintiff was under dental care at the time and in no way

prevented him from receiving dental care.  The complaint also reveals that Plaintiff

received dental care following Newfield's visit to his cell on June 22, 2006.  While

Plaintiff alleges he produced blood from the mouth which prompted the visit from

Newfield, there are no allegations which would substantiate that Newfield was

deliberately indifferent to a serious medical need.  Newfield was not a dentist and

knew Plaintiff was being seen by dentists.  Plaintiff does not allege that he

11

complained of pain or any other condition on that particular date which would suggest Newfield was deliberately indifferent to a serious medical need of Plaintiff at that time.  At best, Newfield's failure to provide Plaintiff with any specific type of treatment could be viewed as negligence, which is not actionable in a § 1983 action. Accordingly, the motion to dismiss will be granted.  See Estelle, 429 U.S.  at 106. An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM MEEKINS,                  :
                                          :
         Plaintiff               :
                                          :
       v.                    :    CIVIL NO. 3:CV-06-1321
                                          :
THERESA LAW, et al.,          :    (Judge Kosik)
                                          :
         Defendants      :

## O R D E R

_____**NOW, THIS 8th DAY OF AUGUST, 2007,** in accordance with the

foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    Plaintiff's Motion for Default (Doc. 79) is **denied**.

2.    The motion to dismiss filed by the Corrections Defendants (Doc. 75) is **granted in part and denied in part**. The motion is granted with respect to all claims set forth against Defendants Law, Kelchner and Andidora. The motion is denied with regard to the claims set forth against Defendants White, Selcher, Angelici and Kaspar. Within twenty (20) days from the date of this Order, said Defendants shall file an answer to the complaint.

3.    Defendant Newfield's motion to dismiss (Doc. 80) is **granted**.


*s/DWIN M. KOSIK*
United States District Judge