```
           UNITED STATES DISTRICT COURT
          MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM MEEKINS,                  :
                                  :
        Plaintiff                 :
                                  :
    v.                            :    CIVIL NO. 3:CV-06-1321
                                  :
THERESA LAW, et al.,              :    (Judge Kosik)
                                  :
        Defendants                :
```

## **Memorandum and Order**

### **Background**

William Meekins is an inmate confined at the State Correctional Institution at Camp Hill, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 raising claims of inadequate medical/dental care against eight Defendants employed at either SCI-Camp Hill or the State Correctional Institution at Waymart, Pennsylvania. The matter proceeds on an amended complaint. (Doc. 19.) On August 8, 2007, a motion to dismiss filed by Defendant Newfield was granted. (Doc. 98.) On the same date, a motion to dismiss filed on behalf of the remaining Defendants was granted in part and denied in part. The motion was granted to the extent that all claims set forth against Defendants Law, Kelchner and Andidora have been dismissed. The motion was denied with respect to the claims set forth against Defendants White, Selcher, Angelici and Kaspar. (Id.) The matter currently proceeds against said Defendants. An answer to the amended complaint was submitted on August 28, 2007 (Doc. 101).

Presently pending before the court is Plaintiff's motion for preliminary injunctive relief.  (Doc. 99.)  The motion is fully briefed and ripe for disposition.  For the reasons that follow, the motion will be denied.[1]

**Discussion**

In the amended complaint, Plaintiff contends that Defendants have continuously ignored his condition and denied him treatment for his urgent dental and medical needs.  Specifically, he maintains that he is ill from the condition of his teeth which is causing a "mediciney (sic) aspirin residue taste and drainage into [his] stomach and mouth region" triggering a host of other conditions such as infection in his chest and stomach.  (Doc. 1 at 4.)  He states that although it was determined he had periodontal disease, multiple teeth with holes and gingivitis, Defendants have failed to provide adequate medical/dental treatment or attempted to relieve his pain.  He further contends that his untreated dental condition has caused severe pain in his heart, stomach, testicles and right lung.

In his pending motion for preliminary injunctive relief, Plaintiff seeks an order directing the remaining Defendants to provide immediate impartial health/dental care as to the issues raised in his complaint.  He believes he is entitled to injunctive relief based upon the fact that the court denied the motion to dismiss filed by the

---

[1] Also pending is Plaintiff's Motion to Compel Discovery (Doc. 110), Plaintiff's Motion for Physical Examination (Doc. 117) and Defendants' Motion to Join Third Party Defendant (Doc. 119).  These motions will be addressed in a separate Memorandum to be issued by the court and a deadline imposed for the conclusion of discovery in this case and the filing of any dispositive motions.

2

remaining Defendants and directed that the action proceed against them. He believes that this ruling establishes that the court finds deliberate indifference on the part of the remaining Defendants.

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003)(internal citations omitted). It is the moving party that bears the burden of satisfying these factors. (Id.)

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See Continental Group, Inc., v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air

3

Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id.  The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued.  Id. Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weights heavily against a claim of irreparable harm."  Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).  Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. See Weaver v. Wilcox, 650 F.2d 22, 27 n. 13 (3d Cir. 1981)(prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages.) "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction."  In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

   In considering the factors outlined above, it is clear that injunctive relief is not warranted.  First, while the court may have denied the motion to dismiss filed by the remaining Defendants, this is not a finding of deliberate indifference on their part.  Rather,

4

it is a finding, accepting all material allegations of the complaint as true and construing all inferences in the light most favorable to Plaintiff, that Plaintiff should be permitted the opportunity to prove facts in support of his claim that may entitle him to relief.  It certainly is not a determination of the actual merits of the issues pending in this case.

Further, as discussed in this court's Memorandum and Order of December 21, 2006 denying an earlier motion for injunctive relief filed by Plaintiff (Doc. 72), Plaintiff's own filings demonstrate that he is currently receiving medical treatment for his complaints, even though it may not be the treatment he desires.  He is not being completely ignored, as demonstrated in the instant motion for injunctive relief.  In the motion, Plaintiff states that he was seen by a Dr. Solomon who told him he has a severe infection and has placed him on antibiotics.  Plaintiff's contention that his treatment is insufficient does not constitute irreparable harm warranting preliminary injunctive relief.  In addition, the balancing of potential harm to the parties weighs more heavily in favor of Defendants at this point because the issuance of the requested relief would have an unduly adverse affect on the ability of prison medical staff to exercise their professional judgment in determining the appropriate course of treatment of an inmate.  It would encourage filings by inmates seeking to obtain medical treatment they feel is necessary in situations where they disagree with treatment being provided by the prison. For all of these reasons, the motion will be denied.

5

**ACCORDINGLY, THIS 28th DAY OF JANUARY, 2008, IT IS HEREBY ORDERED THAT** Plaintiff's motion for injunctive relief (Doc. 99) is **denied.**

                              ***s/EDWIN M. KOSIK***
                              United States District Judge