UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MEEKINS, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-1321 |
| | : |
| TERESA LAW, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**MEMORANDU M**

**I.     Introduction**

This civil rights action pursuant to 42 U.S.C. § 1983 proceeds on an amended complaint, and sets forth allegations of inadequate medical/dental care by employees at the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania, Plaintiff's place of confinement. On August 8, 2007, the court granted in part and denied in part a motion to dismiss filed by the Defendants in this action.  (Doc. 98.) The following four (4) defendants remain in this action: Gerald Kaspar, David White and James Selcher, all dentists at SCI-Camp Hill, and Dino Angelici, Chief of Bureau of Health Care Services.  An answer to the amended complaint was filed on August 28, 2007, and discovery has been ongoing.  Presently pending are the following motions: (1) Plaintiff's Motion to Compel Discovery (Doc. 110); (2) Plaintiff's Motion/Letter regarding Timely Mailed Pleadings (Doc. 114); (3) Plaintiff's Motion

for Physical Examination (Doc. 117); (4) Defendants' Motion to Join Third Party Defendant (Doc. 119); and (5) Plaintiff's Motion for Reconsideration of the court's Order of January 28, 2008, denying preliminary injunctive relief (Doc. 126).

## II.     Allegations in the Amended Complaint

Plaintiff alleges that he had a serious condition in both the "medical and dental ramifying sense" that was ignored by Defendants at SCI-Camp Hill.  He states that the condition of his teeth was making him extremely ill, and that he required more ". . . than the filling of such infected teeth." (Doc. 19 at 3.)  With regard to the remaining Defendants, Plaintiff contends that Kaspar was informed through "Requests to Staff," sick line slips and grievances about his need for treatment, but Kaspar ignored him, failed to provide any medicine for his pain and fabricated responses to his grievances in terms of treatment allegedly offered.  Plaintiff specifically refers to a grievance dated June 20, 2005, wherein Plaintiff complained of his suffering and Kaspar failed to treat his pain as well as delayed treatment/ screening of his condition for months.

Plaintiff also contends that although Defendants Selcher and White were alerted numerous times as to his urgent need for dental/medical care, they failed to address his serious condition.  He claims he pointed out to Defendants Selcher, White and Angelici through various letters and medical slips that he was ill due to the condition of his teeth, but that they failed to respond properly.  Plaintiff specifically

states that although he advised said Defendants that his oral condition was causing a "mediciney (sic) aspirin residue taste and drainage into [his] stomach and mouth region" triggering a host of other conditions, Defendants left him in pain and without medication for in excess of 15 - 19 months.  (Doc. 1 at 4.)

In March or April of 2006, Plaintiff states he was seen by Defendants Selcher and White in the dental department where it was determined he had periodontal disease, as well as multiple teeth with profound holes and extreme gingivitis.  He states that his bottom row of front teeth along with his rear top teeth were rust in color.  White and Selcher had Plaintiff return to the dental department on May 11, 2006, at which time they "cleaned and scraped" the discoloration off his teeth.

Plaintiff states he was seen on July 12, 2006, by another doctor who stated that his mouth was seriously infected, and who prescribed antibiotics until Plaintiff could be seen by the prison dental department.  Plaintiff claims that he has been experiencing severe pain and pressure in his heart, stomach, testicles and rear right lung - - all stemming from his untreated dental issues.  On August 18, 2006, Defendant Selcher visited Plaintiff and informed him that he is unable to define or cure Plaintiff's symptoms, and he will not approve Plaintiff to be seen by an outside medical practice.

Based on the foregoing, Plaintiff alleges that Defendants failed to provide adequate medical care to treat/diagnose his illness. He seeks declaratory, injunctive, compensatory and punitive relief.

## III.  Discussion

### A.  Plaintiff's Motion to Compel Discovery  (Doc. 110)

Pending is a motion filed by Plaintiff on October 1, 2007, wherein he seeks to compel Defendants to produce responses to discovery requests served in early September of 2007. Plaintiff contends that Defendants failed to respond to the requests, and that the discovery he seeks is relevant to the claims asserted in his amended complaint.

Defendants maintain that the motion is moot because they timely responded to the requests on September 24, 2007, and that Plaintiff must have prepared and submitted his motion for mailing prior to receiving their responses. In support of their argument, they attach as exhibits to their opposition brief a copy of both Plaintiff's discovery requests and their responses thereto. (Doc. 112, Exs. A, B.) In his reply brief, Plaintiff does not claim that Defendants have failed to respond to his requests. Rather, he argues that Defendants are preventing him from obtaining the discovery he needs and thus denying him access to the courts because many of their responses to his requests state that he may schedule an appointment with the Superintendent's Assistant or the Corrections Health Care Administrator at SCI-Camp Hill to review

4

the requested documents. Plaintiff is further advised that after reviewing the documents, he is free to copy documents he deems relevant at his own expense.

Plaintiff contends that because he is indigent and is litigating four (4) separate lawsuits, he cannot afford to copy all of the documents. As such, it is his belief that he is being deprived of access to the requested discovery materials. Plaintiff, however, is mistaken. First, it is clear that Defendants have responded to each of Plaintiff's discovery requests. Defendants have either answered Plaintiff's interrogatories, or informed him that he can inspect the requested documents by simply making an appointment with the relevant prison official. He also has the ability to copy any documents he wishes for a photocopying charge. Plaintiff's access to the requested discovery materials is not being impeded by Defendants. Plaintiff may review and take notes on any documents he wishes. It is not Defendants' responsibility to provide copies of the documents to Plaintiff free of charge. Accordingly, the motion to compel is denied. Plaintiff will be afforded thirty (30) days to contact the appropriate prison official to schedule a time to review the requested discovery materials. Any dispositive motions in this case shall be filed by the parties no later than September 22, 2008.

### B. Plaintiff's Letter/Motion Regarding Timely Mailed Pleadings (Doc. 114)

On November 1, 2007, Plaintiff submitted a filing expressing his concern that his pleadings may not be reaching the court in a timely manner. He claims that for

the past year the United States Postal Service has been incorrectly stamping "Return to Sender" on pleadings which he has designated for this court. He requests that the court "be patient" when deadlines are not met due to the "mishaps" of the Postal Service.

In reviewing the docket, it does not appear that any of Plaintiff's pleadings/filings have been untimely. The docket reveals that motions and supporting briefs filed by Plaintiff usually arrive on the same date and that the court has also been receiving any opposition briefs and letters he files. As such, his instant motion will be denied as moot.[1]

### C. Plaintiff's Motion for Court-ordered Physical Examination (Doc. 117)

Plaintiff has filed a motion which requests the court to issue an order directing that he be examined by a licensed or certified examiner who can substantiate the claims raised in his complaint, as well as the motions for preliminary injunctive relief that he has submitted. He claims that he has attempted to conduct discovery to support his claims by contacting the School of Dental Medicine at the University of Pennsylvania where he had some dental work done prior to his incarceration, but was

---

[1] In the event Plaintiff can point to a specific instance where a document he has attempted to file with the court has been improperly returned to him by the United States Postal Service, and this resulted in the document not being timely filed with the court, Plaintiff is free to file a motion seeking the court's nunc pro tunc acceptance of the document as timely filed.

6

informed that the records were unable to be retrieved due to the lengthy passage of time. (Doc. 117, Ex. 2.) Plaintiff relies on Federal Rule of Civil Procedure 35(a) in requesting that the court appoint a dentist and/or physician to examine him. His motion will be denied for the following reasons.

While it is true that Fed. R. Civ. P. 35(a) does provide a method whereby a court can order a party to submit to a physical or mental examination when mental or physical condition is in controversy, no authority has been provided that indicates that a court may issue such an order at the request of a party for that party's own examination and for the purpose of gathering discovery. Nor has Plaintiff suggested what authority would exist to compensate the medical professional for services rendered. Plaintiff can marshal medical evidence as to his alleged condition and the alleged deliberated indifference on his own. In fact, the record reveals that he has submitted discovery requests in the form of interrogatories/requests for the production of documents which were submitted to and answered by Defendants. As set forth above, Plaintiff has the opportunity to examine his medical records to gather evidence in support of his pending claims. These documents will provide relevant evidence regarding the issues before the court in this action - - whether employees of

SCI-Camp Hill were deliberately indifferent to the dental/medical needs of Plaintiff. Accordingly, the request for a court-ordered medical evaluation will be denied.[2]

### D.     Plaintiff's Motion for Reconsideration (Doc. 127)

On January 28, 2008, the court issued a Memorandum and Order denying Plaintiff's request for injunctive relief wherein Plaintiff sought an order directing Defendants to provide to him immediate impartial health/dental care. (Doc. 126.) The court denied the motion on the basis that (1) Plaintiff was not entitled to such relief merely because he had been partially successful in opposing Defendants' motion to dismiss[3]; (2) Plaintiff failed to demonstrate irreparable harm as his own filings demonstrated that he was receiving some medical care for his complaints, and not being ignored; and (3) the balancing of potential harm to the parties weighed more heavily in favor of the Defendants in that the issuance of the requested relief would have an unduly adverse affect on the ability of prison medical staff to exercise their

---

[2] Also pending on the docket is a motion entitled "Plaintiff Requests an Immediate Order Causing for Medical Examination" (Doc. 122). To the extent Plaintiff requests a court-ordered medical examination pursuant to this filing, his motion is denied for the reasons stated above. However, in reviewing the motion, it also appears that Plaintiff may be filing this motion under the mistaken belief that the above-captioned action has been terminated. If this is the case, the motion is denied as this action clearly has not been terminated.

[3] One of Plaintiff's arguments in the motion was that such relief should be granted since the court denied a portion of Defendants' motion to dismiss and allowed certain claims to proceed.

professional judgment and would encourage filings by inmates dissatisfied with the treatment they were receiving.  (Doc. 126 at 4-5.)

In the pending motion for reconsideration Plaintiff states that his request for the injunction was not based on the court's partial denial of Defendants' motion to dismiss.  Rather, he argues that it was based on ". . . the Defendants lack of any care as to his infected oral region and conditions which there from has ramified."  (Doc. 128 at 1.)  He requests that the court subpoena Dr. Solomon, the outside doctor who screened Plaintiff and placed him on antibiotics following Defendants alleged lack of medical/dental care.

For the same reasons previously set forth in the court's Memorandum and Order of January 28, 2008, the motion for reconsideration will be denied.  The standard for granting a motion for reconsideration is a stringent one.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); accord Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992).  Further, this Court has cautioned litigants that a mere disagreement with the court does not translate into a clear error of law.  Dodge, 796 F.Supp. at 830.  Rather, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new

9

evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

     Plaintiff does not come forth with any intervening change in law, new evidence or point to any clear error.  He merely reasserts arguments previously set forth and rejected.  Further, a motion for preliminary injunctive relief is not a device for conducting discovery.  To the extent Plaintiff seeks to obtain evidence from Dr. Solomon in support of his claims, Defendants' agreed in their responses to Plaintiff's discovery requests to forward to Dr. Solomon any discovery requests or other correspondence Plaintiff wished to direct to him.  (Doc. 112, Ex. B at 4, 5.)  As such, the pending motion will be denied.

### E.      Defendants' Motion to Join Third Party Defendant  (Doc. 119)

Pending is Defendants' unopposed Motion to Join the University of Pennsylvania Dental School as a Third Party Defendant in this matter.  (Doc. 119.) Defendants file this motion pursuant to Fed. R. Civ. P. 14(a).[4]  Defendants seek to join the University of Pennsylvania Dental School in that Plaintiff alleges the Dental School diagnosed his periodontal disease in 1999, prior to his incarceration with the Department of Corrections.   Plaintiff's claims in this action are based on the failure of the defense to provide adequate medical care to treat/diagnose his periodontal condition first diagnosed at the University of Pennsylvania Dental School at least six years earlier.  Plaintiff claims defendants are directly at fault for the reasons reviewed by us earlier.

A third-party plaintiff's claim must present a theory upon which a third-party defendant could be liable to the third-party plaintiff under some theory of secondary liability.  Defendants have offered nothing to show a relationship between the diagnosis at the University of Pennsylvania and plaintiff's claims against the defendants.  There is no allegation of any form of derivative liability.  Robbins v. Yamaha Motor Corp., 98 F.R.D 36, 39 (M.D.Pa. 1983) and the cases cited in the opinion.

---

[4] The motion is timely as it was filed within six (6) months after the date of service of Defendants' answer to Plaintiff's amended complaint.  See M.D. Pa. Local Rule 14.1.

Regardless, the motion is addressed to the sound discretion of the court. We have considered the possible prejudice to a pro se plaintiff, a complication of the issues due to his inability to participate in discovery, and finally, the delay which will result in the case. The defense has recognized this reasoning. Ronson v. Talesnick, 33 F.Supp.2d 347, 356-57 (D.N.J. 1999).

The motion is denied.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MEEKINS, : | |
|     Plaintiff : | |
| : | |
| v. : | CIVIL NO. 3:CV-06-1321 |
| : | |
| TERESA LAW, et al., : | (Judge Kosik) |
|     Defendants : | |

## **ORDER**

**NOW, THIS 5th DAY OF AUGUST, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion to Compel Discovery (Doc. 110) is **denied**. Plaintiff is afforded thirty (30) days within which to contact the appropriate prison official at SCI-Camp Hill and review the documents requested in the discovery served on Defendants, if he so chooses. Any dispositive motions in this case shall be filed no later than September 22, 2008.

2. Plaintiff's Motion Regarding Timely Mailed Pleadings (Doc. 114) is **denied as moot**.

3. Plaintiff's Motions for court-ordered Medical Exam (Docs. 117, 122) are **denied**.

4. Plaintiff's Motion for Reconsideration (Doc. 127) is **denied**.

5. Defendants' Motion to Join Third Party Defendant (Doc. 119) is **denied**.

*s/EDWIN M. KOSIK*
United States District Judge