# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MEEKINS,

    Plaintiff

v.

THERESA LAW, et al.,

    Defendants

: CIVIL NO. 3:CV-06-1321

: (Judge Kosik)

# MEMORANDUM

## I. Background

William Meekins is an inmate currently confined at the State Correctional Institution at Waymart, Pennsylvania. He filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on July 5, 1006. The matter proceeds on an amended complaint and names eight Defendants, all employees of either the State Correctional Institution at Waymart (SCI-Waymart), Pennsylvania, or the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania. Plaintiff claims that Defendants violated his Eighth Amendment right to adequate medical/dental care. Only the following four (4) Defendants remain in this action, all dentists at SCI-Camp Hill: Gerald Kaspar, David White, James Selcher and Dino Angelici.

Presently pending are the following motions filed by Plaintiff: (1) "Pre-Trial

Motion Moving for a Trial by Jury" (Doc. 138); (2) Motion to "Order all Pleadings Pre-trial to be Filed in Exact (sic) 30 Days" (Doc. 141); and (3) "Motion Letter Requesting Copies of Herein Enveloped Exhibits." (Doc. 148.) Also pending is a motion for summary judgment filed by the remaining Defendants (Doc. 152.)

## II. Discussion

### A. Motion for Trial by Jury

In Plaintiff's Motion for Trial by Jury (Doc. 138) filed on November 25, 2008, he requests the court to conduct a speedy and prompt jury trial to resolve the issues in this case. He sets forth his reasons why an immediate jury trial should be scheduled citing the conditions he suffers and the alleged continuous "unsubstantiated defenses" and "legal and medical jargon" (Doc. 149 at 1, 2) set forth by Defendants.

Without unnecessary elaboration, the motion will be denied as premature. Presently pending in this action is Defendants' motion for summary judgment. (Doc. 152.) In support of the motion, Defendants have submitted a supporting brief, statement of material facts and exhibits. (Docs. 153-155.) It also appears that Plaintiff has responded to the motion as evidenced by the numerous filings/exhibits submitted following the filing of the motion by Defendants. (Docs. 157, 159-160, 162-169 and 176.) As such, because there is presently a dispositive motion pending which has not yet been resolved, the scheduling of any trial at this point is premature.

2

### B. Motion for Order for Pretrial Filings to be filed in 30 Days

Plaintiff has filed a motion wherein he seeks to prevent Defendants from seeking any enlargements of time with respect to the Order issued by this court on November 17, 2008, directing that any dispositive motions be filed in this case within 30 days. (Doc. 141.) It appears he wishes to avoid any further delay in this case, and assure that Defendants abide by the time limits imposed by the November 17, 2008 order.

Plaintiff's motion is moot for the following reason. The court directed any dispositive motions be filed within 30 days of November 17, 2008. (Doc. 134.) Defendants filed their motion for summary judgment on December 15, 2008. No enlargements were sought by Defendants, and the motion was timely filed.

### C. Motion/Letter Requesting Copies

After reviewing Plaintiff's filing of December 15, 2008, it is not completely clear what relief he requests. (Doc. 148.) To the extent he seeks assurance that the documents he submits to the court are scanned into the Electronic Court Filing system, any such concern is verifiable by reviewing a docket sheet in his case. Plaintiff has requested docket sheets on numerous occasions.

To the extent Plaintiff desires that the court make copies of documents he submits and return them to him, he is free to submit a request in writing to the Clerk of Court specifically listing the documents he wants copied. The Clerk of Court will

3

then advise him as to the cost for making the desired copies.

## D. Defendants' Motion for Summary Judgment

The remaining Defendants in this action have filed a motion for summary judgment, as set forth above. Documents in support of the motion have also been filed. Since the filing of Defendants' motion, Plaintiff has submitted numerous documents. In reviewing these documents, it appears he intends them to serve as his opposition to Defendants' motion. Because it may have not been evident to Defendants that Documents 157, 159-160, 162-169 and 176 collectively serve as Plaintiff's opposition to the motion, they will be afforded fifteen (15) days within which to file a reply brief.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM MEEKINS,

    Plaintiff

v.     : CIVIL NO. 3:CV-06-1321

THERESA LAW, et al.,     : (Judge Kosik)

    Defendants

# ORDER

NOW, THIS 12 DAY OF MAY, 2009, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion for a Jury Trial (Doc. 138) is **denied as premature.**

2. Plaintiff's Motion for Order for Pretrial Filings to be filed within 30 days (Doc. 141) is **dismissed as moot.**

3. Plaintiff's Motion/Letter Requesting Copies (Doc. 148) is **granted** only to the extent set forth in the accompanying Memorandum.

4. Defendants may file a reply brief with regard to their pending summary judgment motion within fifteen (15) days from the date of this order.

                        EDWIN M. KOSIK
                        United States District Judge